IN RE NESTOR RAYMOND
RODRIGUEZ

MEMORANDUM AND
RECOMMENDATION

This matter comes before the court *sua sponte* on *pro se* Plaintiff Nestor Raymond Rodriguez's ("Plaintiff") "Demand for Redemption" ("Demand") purportedly under 12 U.S.C. §§ 411 and 16. [DE-1]. Plaintiff's Demand has been referred here in accordance with 28 U.S.C. § 636(b)(1)(B) for recommendation whether this court has subject matter jurisdiction over this matter. For the reasons that follow, it is recommended that the action be dismissed for lack of subject matter jurisdiction.

I.    **Background**

Plaintiff filed a document entitled "Demand for Redemption" purportedly under 12 U.S.C. §§ 411 and 16. *Id.* In Plaintiff's Demand and attached "Divine Notice of Demand for Redemption," Plaintiff alleges, *inter alia*, that as a "Divine Immortal Spirit," he has never "contracted with any inferior Roman Persons such as the Department of Treasury or the Internal Revenue Service for the purposes of gifting or pledging the energy of [his] love, labor, or life." [DE-1-1]. While Plaintiff's Demand is not the model of clarity, it appears that Plaintiff argues that he should have received his total gross income in 2019 and 2021 without any federal tax deductions. *See id.*; [DE-1]. In support of these claims, Plaintiff attached Form 1040 Individual Income Tax Returns from those years, a Form W-4 from 2021, copies of checks he received from General Electric (his

apparent employer), direct deposit authorization forms from General Electric, and new account forms from the State Employees' Credit Union. [DE-1-2] at 1–20. Through this lawsuit, Plaintiff requests both redemption and the cessation of claims and penalties against him by the IRS and the Treasury. [DE-1-1]. The matter has been referred to the undersigned for a memorandum and recommendation to the district court regarding whether the court has subject matter jurisdiction.

## II. Discussion

In this action, Plaintiff is proceeding *pro se*, and pleadings[1] drafted by a *pro se* litigant are held to a less stringent standard than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Relatedly, even when a plaintiff proceeds *pro se*, the court must have subject matter jurisdiction to consider the case on the merits. "[F]ederal courts are courts of limited jurisdiction," *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)), and "[w]hen a party desires to proceed in a federal court, it 'must allege and, when challenged, must demonstrate the federal court's jurisdiction over the matter,'" *id.* (quoting *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th

---

[1] Plaintiff's Demand appears to be in the nature of a complaint, and accordingly, the court has exercised its authority to examine *sua sponte* Plaintiff's allegations to consider whether the court has subject matter jurisdiction over them. *See Bey v. Sicley*, No. 4:18-CV-75-BO, 2018 WL 3626143, at *1 (E.D.N.C. May 7, 2018) ("[A]s part of its review, the court may consider whether it has subject matter jurisdiction of the case.") (citing *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999)).

2

Cir. 2008)). Thus, if a party—even one proceeding *pro se*—does not properly invoke the court's subject matter jurisdiction, the court must dismiss the claim, either in response to a motion made by the defendant or *sua sponte*. *See Edwards v. Campbell*, No. 5:22-CV-00534-M, 2023 WL 2815426, at *1 (E.D.N.C. Jan. 6, 2023) ("Federal courts must assure themselves of their subject-matter jurisdiction and may raise issues of jurisdiction *sua sponte*.") (citing *Buscemi v. Bell*, 964 F.3d 252, 258 (4th Cir. 2020), *cert. denied sub nom. Kopitke v. Bell*, 141 S. Ct. 1388 (2021); *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) ("Accordingly, questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court.").

In civil cases brought in federal court, the court's subject matter jurisdiction is limited to actions in which the claim asserted raises a federal question or the plaintiff and defendant have a complete diversity of citizenship. 28 U.S.C. §§ 1331, 1332; *Edwards*, 2023 WL 2815426, at *1 (citing *Passport Health, LLC v. Avance Health Sys., Inc.*, 823 F. App'x 141, 153 (4th Cir. 2020)). Jurisdiction based on a federal question exists when the plaintiff plausibly alleges a violation of the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Edwards*, 2023 WL 2815426, at *1 ("For federal question jurisdiction to exist, federal law must create the cause of action or plaintiff's right to relief must 'necessarily depend[ ] on resolution of a substantial question of federal law.'") (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)) (internal citation and quotation marks omitted in original). Jurisdiction based on diversity of citizenship exists when the plaintiff plausibly alleges that he does not hold the same citizenship as any defendant and that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); *see Edwards*, 2023 WL 2815426, at *1 (explaining complete diversity and amount in controversy requirements) (citations omitted).

Here, turning first to federal question jurisdiction, neither statute Plaintiff cites provides a private cause of action that invokes this court's subject matter jurisdiction. Section 411 authorizes the issuance of federal reserve notes to reserve banks, permitting their redemption "in lawful money on demand at the Treasury Department of the United States, in the city of Washington, District of Columbia, or at any Federal Reserve bank." 12 U.S.C. § 411. Section 16 grants authority to the Comptroller of the Currency to deposit "[f]unds derived from any assessment, fee, or charge collected or payment made pursuant to this section." 12 U.S.C. § 16. Thus, neither statute allows an individual plaintiff to sue in federal court, and as a result, the court should find that Plaintiff has failed to invoke this court's federal question subject matter jurisdiction. *See In re Rice*, No. 2:22-MC-50605, 2022 WL 805859, at *2 (E.D. Mich. Mar. 15, 2022) (reasoning same statutes do not raise a federal question because they do not provide a private cause of action); *In re Tipton*, No. 3:22-MC-0004, 2022 WL 1028026, at *2 (S.D. Tex. Apr. 6, 2022) (same).

The court should also find that Plaintiff has failed to invoke this court's subject matter jurisdiction based on diversity of citizenship. While diversity of citizenship requires complete diversity, *see Edwards*, 2023 WL 2815426, at *1, Plaintiff has failed to name a defendant—much less allege any facts relating to citizenship or domicile.[2] [DE-1-1]. This alone precludes the court from exercising subject matter jurisdiction based on diversity of citizenship. *See Khan v. WakeMed*, No. 5:18-CV-276-D, 2019 WL 1053645, at *3 (E.D.N.C. Feb. 13, 2019) (no diversity jurisdiction where plaintiff did not allege his citizenship or the defendant's); *Schmier v. Lion Credit & Cap.*,

---

[2] Even if Plaintiff had asserted a direct claim against the IRS, the court would not have jurisdiction because Plaintiff (1) has brought this suit under two federal statutes that do not create a private cause of action, as explained *supra*, and (2) has not alleged that he exhausted his administrative remedies, which is a prerequisite to filing a claim for refund against the IRS. *See* 26 U.S.C. § 7422(a) (stating that no suit can occur prior to the filing of an administrative claim); *see also In re Tipton*, 2022 WL 1028026, at *2 (dismissing a *pro se* demand for redemption when the plaintiff did not file "a timely, sufficient administrative claim for a refund with the IRS").

No. 5:17-CV-456-FL, 2018 WL 1960773, at *2 (E.D.N.C. Apr. 26, 2018) (dismissing complaint where plaintiff did not allege the citizenship of the defendants). Furthermore, it is not clear whether the amount in controversy requirement is satisfied because Plaintiff only attached his Form 1040 tax documents to his Demand and has failed to specify the sum he is requesting in "redemption." *See Schmier*, 2018 WL 1960773, at *2 (no subject matter jurisdiction where plaintiffs "ma[d]e no allegation in their complaint that the amount in controversy in this action exceeds $75,000"). Thus, Plaintiff has not established that this court has subject matter jurisdiction based on a federal question or diversity of citizenship, and the matter should be dismissed. *See In re Rice*, 2022 WL 805859, at *2 (dismissing a claim under the two statutes for lack of subject matter jurisdiction where the plaintiff filed a Demand for Redemption because "nothing else in Plaintiff's Demand suggests that she has any other basis for bringing suit in this Court").

## III. Conclusion

For the reasons stated herein, it is RECOMMENDED that the complaint be dismissed without prejudice for lack of subject matter jurisdiction.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **August 19, 2025** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. Any response to objections shall be filed by within **14**

**days** of the filing of the objections.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

Submitted, this the 5th day of August, 2025.

Robert B. Jones, Jr.
United States Magistrate Judge