IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:25-MC-00021-M-RJ

| | |
|---|---|
| IN RE: NESTOR RAYMOND RODRIGUEZ ) ) ) ) ) ) | ORDER |

This matter comes before the court on a "Demand for Redemption" filed by Nestor Raymond Rodriguez, which has been liberally construed as a "complaint." DE 1. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr. issued a Memorandum and Recommendation ("M&R"), recommending that the court dismiss the complaint without prejudice for the court's lack of subject-matter jurisdiction. DE 4. Mr. Rodriguez filed a timely objection, arguing that he has, in fact, exhausted administrative remedies with the Internal Revenue Service ("IRS") and that he "continues to assert a lawful Demand for Redemption pursuant to [12 U.S.C.] § 411 and § 16 of the Federal Reserve Act." *See* DE 3.

Federal courts are courts of limited jurisdiction, and subject-matter jurisdiction may be obtained in one of two ways: (1) by asserting a "federal question" (28 U.S.C. § 1331); or (2) by demonstrating that the parties are diverse and the disputed amount exceeds $75,000.00 (28 U.S.C. § 1332). "Federal jurisdiction requires that a party assert a ***substantial*** federal claim" and "it is always incumbent upon a federal court to evaluate its jurisdiction sua sponte, to ensure that it does not decide controversies beyond its authority." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (emphasis added) (citation omitted).

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Construing the objection liberally, the court finds that the only portion of the M&R to which Rodriguez objects is Judge Jones' finding that Rodriguez "has not alleged that he exhausted his administrative remedies, which is a prerequisite to filing a claim for refund against the IRS." DE 2 at 4 n.2 (citing 26 U.S.C. § 7422(a)). Judge Jones is correct that no allegation exists in the pleading concerning whether Rodriguez complied or attempted to comply with IRS administrative remedies. *See* DE 1. However, in his objection, Rodriguez contends that an attachment to the complaint titled, "Divine Notice of Demand for Redemption," demonstrates that he exhausted the required administrative remedies by filing a claim with the IRS. *See* DE 1-1.

Even if the court were to accept Rodriguez' contention as true and find that the attached document demonstrates proper exhaustion, Rodriguez still fails to establish this court's subject-matter jurisdiction. Rodriguez does not object to Judge Jones' finding that his complaint seeks relief under statutes that do not provide private rights of action and, thus, he has not properly invoked federal question jurisdiction. DE 2 at 4 (citing *In re Rice*, No. 2:22-MC-50605, 2022 WL 805859, at *2 (E.D. Mich. Mar. 15, 2022) and *In re Tipton*, No. 3:22-MC-0004, 2022 WL 1028026, at *2 (S.D. Tex. Apr. 6, 2022)); *see also Gunn v. Minton*, 568 U.S. 251, 256-57 (2013) (in noting

that "[f]ederal courts are courts of limited jurisdiction," the Supreme Court found that "a case arises under federal law when federal law creates the cause of action asserted."). Rodriguez also does not otherwise object to Judge Jones' finding that he has not demonstrated this court's diversity jurisdiction. DE 2 at 4-5.

Upon de novo review of the challenged portion of the M&R and the record presented, and finding no clear error in the remainder of the M&R, the court OVERRULES the objection and ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein, Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for this court's lack of subject-matter jurisdiction. The Clerk of Court is directed to close this case.

SO ORDERED this 29Th day of August, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE